UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES DOUGLAS SMITH  
    Plaintiff,

v.

METROPOLITAN PUBLIC DEFENDER, et al.  
    Defendants.

No. 3 14 0299  
(No. 3:13-mc-0179)  
Judge Sharp

**MEMORANDUM**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action against Dawn Deaner, the District Public Defender for Davidson County; and Joseph Michael Engle and Jonathan Wing, Assistant Public Defenders; seeking injunctive relief and damages.

On June 21, 2013, the plaintiff entered a guilty plea to the charge of criminal simulation. For this offense, he received a sentence of two years and one month in prison.

After reaching his release eligibility date, the plaintiff drafted a *pro se* motion to suspend the remainder of his sentence. As is the custom in the Criminal Court Clerk's Office, the *pro se* motion was not filed, but was forwarded to his counsel of record (Joseph Michael Engle).

Counsel chose not to file a separate motion for the suspension of plaintiff's sentence. The plaintiff believes that the defendants

have denied him due process by joining the Clerk's Office in refusing to file his *pro se* motion.

In essence, the plaintiff is alleging that the defendants have denied him access to the courts. A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To show a violation of this right, though, the plaintiff must allege and prove that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff's *pro se* motion sought a hearing to determine whether the remainder of his sentence should be suspended. The plaintiff acknowledges that he received a hearing to discuss that very issue. *See* Docket Entry No.6. He has not, therefore, shown that he was denied access to the courts. Consequently, the plaintiff has failed to state a claim upon which relief can be granted.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge